UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

MISTY HICKS,

Plaintiff,

v.

SAINT ANNA, INC.,
VASILOS M. LYRISTIS, and
ANNA V. LYRISTIS,

Defendants.
_______________________________/

# COMPLAINT

Plaintiff, MISTY HICKS, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, SAINT ANNA, INC., VASILOS M. LYRISTIS, and ANNA V. LYRISTIS, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, SAINT ANNA, INC. was Plaintiff's employer as defined

by law and a corporation conducting business in this judicial district.

6. At all times material hereto SAINT ANNA, INC. had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, SAINT ANNA, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, VASILOS M. LYRISTIS and ANNA V. LYRISTIS were Plaintiff's employer as defined by law. VASILOS M. LYRISTIS and ANNA V. LYRISTIS had operational control over SAINT ANNA, INC. and were directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, VASILOS M. LYRISTIS and ANNA V. LYRISTIS controlled the finances for SAINT ANNA, INC.

9. At all times material hereto, Plaintiff was individually engaged in commerce while working for Defendants.

**COUNT I: FLSA RECOVERY OF MINIMUM WAGES**

10. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

11. Plaintiff worked for Defendants from approximately May 2010 to October 2013.

12. Plaintiff worked for Defendants as a server.

13. Plaintiff's primary duties and responsibilities included serving customers.

14. Plaintiff was paid at a rate of the minimum wage of $4.00 per hours, depending on whether Plaintiff was on or off the clock.

15. During one or more workweeks, Defendants did not pay Plaintiff the full minimum wage in violation of the FLSA, 29 U.S.C. §206.

16. Plaintiff was unlawfully denied the minimum wage in violation of the FLSA, 29 U.S.C. §206.

17. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

18. Plaintiff is owed an additional amount equal to the amount of unpaid minimum wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

**COUNT II: RECOVERY OF MINIMUM WAGES UNDER THE FLORIDA CONSTITUTION**

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

20. Plaintiff worked for Defendants from approximately May 2010 to October 2013.

21. Plaintiff worked for Defendants as a server.

22. Plaintiff's primary duties and responsibilities included serving customers.

23. Plaintiff was paid at a rate of the minimum wage of $4.00 per hours, depending on whether Plaintiff was on or off the clock.

24. During one or more workweeks, Defendants did not pay Plaintiff the full minimum wage in violation of Article X, Section 24, of the Constitution of the State of Florida.

25. Plaintiff was unlawfully denied the minimum wage in violation of Article X, Section 24, of the Constitution of the State of Florida.

26. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

27. Plaintiff is owed an additional amount equal to the amount of unpaid minimum wages as liquidated damages.

28. Jurisdiction is conferred on this Court by 28 U.S.C. §1367.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

**TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

**VERIFICATION OF PLAINTIFF**

I, MISTY HICKS, hereby declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

MISTY HICKS, as Plaintiff

4-15-14
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
2800 Weston Road, Suite 101
Weston, Florida 33331
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

TODD W. SHULBY
Florida Bar No.: 068365